# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE J. McDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-418-MJR |
| | ) |
| ADRIAN FEINERMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 4). On June 3, 2008, Plaintiff filed a motion for temporary restraining order and/or preliminary injunction which was assigned to Judge G. Patrick Murphy and given case No. 08-cv-395. The motion for a temporary restraining order concerned Plaintiff's blood clots and having to walk to his meals.

On June 9, 2008, a civil complaint was filed by Plaintiff against the exact same defendants named in Case No. 08-cv-395. The complaint alleged, among other things, that Plaintiff was being forced to walk to his meals despite suffering from blood clots. Accordingly, the civil complaint was filed in Case No. 08-cv-395.

On June 16, 2008, the Clerk of Court accidentally re-filed Plaintiff's civil complaint as a new case assigned to the undersigned. This new case was given Case No. 08-cv-418. On June 26, 2008, the undersigned entered an order directing the Clerk of Court to close this case as duplicative

of Case No. 08-cv-395.[1] In the instant motion for reconsideration, Plaintiff seeks to reopen this case.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of the order, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). Plaintiff appears to contend that the Court erred as a matter of law in closing this case. Therefore, the Court will analyze the case under Rule 59(e).

Upon review of the record, the Court remains persuaded that its ruling closing this case was correct. Therefore, the instant motion (Doc. 4) is **DENIED**.

---

[1] The undersigned re-emphasizes that the civil complaint is currently filed and pending in Case No. 08-cv-395.

2

**IT IS SO ORDERED.**

**DATED this 19th day of February, 2009.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**